IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERICK XAVIER LEE, | § | |
| (INMATE #02362211) | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0320 |
| | § | |
| THERESA CHANG, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Derick Xavier Lee (Inmate #02362211, former TDCJ #1049111, and TDCJ #1157980), indicates that he is presently in custody at the Harris County Jail. Lee has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his arrest on drug charges. Lee appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.   BACKGROUND

According to the complaint, which is dated February 2, 2009, Lee is in custody at the Harris County Jail. (Doc. # 1). Lee sues Theresa Chang in her official capacity as the Harris County District Clerk. He also sues the "Harris County Police Department." As explained further below, Lee's complaint stems from his arrest on drug charges and a related civil forfeiture proceeding.

Lee reports that he was arrested on June 3, 2008, after police officers stopped his vehicle for a minor traffic violation. A search of that vehicle uncovered narcotics and a large

quantity of cash ($2,541.00). Thereafter, a grand jury returned an indictment against Lee in Harris County cause number 1169496, charging him with possession with intent to deliver a controlled substance, namely, cocaine, weighing more than 4 grams but less than 200 grams. A review of this charging instrument, which is attached to the complaint as an exhibit, shows that the State of Texas enhanced the indictment for purposes of punishment with allegations that Lee had at least two prior felony convictions for possession of a controlled substance.

Lee asserts that the indictment in cause number 1169496 has been dismissed. Lee complains that the officers who effected his arrest wrongfully seized the cash that was in his possession. Lee contends that this money has been taken from him in a civil forfeiture proceeding that was instituted against him in the 113th District Court for Harris County, Texas. *See State of Texas v. Approximately $2,541.00*, Cause No. 200840156. According to an exhibit attached to the complaint, a default judgment was entered against Lee in this matter on August 28, 2008, resulting in the forfeiture of his cash.

Lee complains that the money was illegally seized by the arresting officers in violation of the Fourth Amendment. Lee complains that he was unable to present this argument during the forfeiture proceeding because Chang, as Harris County District Clerk, did not give him adequate time to obtain legal representation or to file a response in that action. Lee insists, therefore, that the seizure and subsequent forfeiture of his cash was unlawful. Lee seeks to recover the money that he lost during forfeiture proceeding or compensatory damages in the

amount of $2,541.00. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act (the "PLRA") mandates the dismissal of a prisoner's civil rights complaint if, upon initial screening, the reviewing court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts

pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

Lee's complaint reflects that the money at issue was seized and then forfeited pursuant to a civil judgment issued by a state district court. The *Rooker/Feldman* doctrine precludes an individual from filing a civil rights suit in federal court to attack a state civil judgment. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (referencing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine provides that, when issues raised in a federal court are "inextricably intertwined" with a state judgment and the court is "in essence being called upon to review the state-court decision," the federal court lacks subject matter jurisdiction to conduct such a review. *Davis v. Bayless*, 70 F.3d 367, 375 (5th

Cir. 1995).  *See also In re Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998) ("In a nutshell, the [*Rooker/Feldman*] doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments.").

As the Supreme Court has recently clarified, the *Rooker/Feldman* doctrine precludes jurisdiction in "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).  Based on the pleadings and exhibits, Lee is clearly the losing party in the state court forfeiture action, which terminated in a default judgment on August 28, 2008.  Because his federal complaint in this case implicates an injury caused by this prior state court judgment, and essentially seeks review and rejection of that judgment, Lee's civil rights claims are barred by the *Rooker/Feldman* doctrine.  For this reason, his complaint must be dismissed for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2. Derick Xavier Lee (Inmate #02362211) or officials in charge of his inmate trust fund account are **ORDERED** to forward payments to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.  The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant M.E. McKinney, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on February 6, 2009.

*[Signature]*

Nancy F. Atlas
United States District Judge